NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CASHCALL, INC.; WS FUNDING, LLC; )
DELBERT SERVICES CORPORATION; )
WESTERN SKY FINANCIAL, LLC; and )
JOHN PAUL REDDAM, )
                                  )
        Appellants, )
                                  )
v. )        Case No.   2D14-3634
                                  )
OFFICE OF THE ATTORNEY )
GENERAL, DEPARTMENT OF LEGAL )
AFFAIRS and OFFICE OF FINANCIAL )
REGULATION, )
                                  )
        Appellees. )
_____)

Opinion filed July 31, 2015.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Margaret D. Mathews of Akerman LLP,
Tampa; Christopher S. Carver and
Stacy J. Rodriguez of Akerman LLP,
Miami; Katya Jestin, Neil M. Barofsky,
and Brian J. Fischer of Jenner & Block
LLP, New York, New York; Barry J.
Levenstam of Jenner & Block LLP,
Chicago, Illinois, for Appellants.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Victoria Butler,
Robert J. Follis, and Julia A. Harris,
Assistant Attorneys General, Tampa,
for Appellees.


KELLY, Judge.

In this appeal, CashCall, Inc., WS Funding, LLC, and Delbert Services Corporation challenge the orders of the trial court granting ex parte a temporary injunction and subsequently declining to dissolve it. The underlying action was brought by the appellees, Office of the Attorney General and Office of Financial Regulation, for alleged violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). The focus of the action is consumer installment loans issued to Florida residents by Western Sky Financial, LLC, a company wholly owned by an enrolled member of the Cheyenne River Sioux Tribe and that conducted its business from within the exterior boundaries of the Cheyenne River Indian Reservation in South Dakota. The injunction requires the appellants to pay all loan proceeds collected during the pendency of this litigation into the court registry and to establish an additional reserve in the amount of one million dollars.

The appellees' action is based on the theory that servicing loans acquired from Western Sky is a deceptive practice because the loans' interest rates exceed the maximum allowed by Florida law. Among other defenses to the action, CashCall contends the loan contracts are not subject to Florida law because the choice of law provision in the contracts provides that the loans are "subject solely to the exclusive laws and jurisdiction of the Cheyenne River Sioux Tribe." The Attorney General

- 2 -

responds that the choice of law provision is unenforceable because it violates Florida public policy. CashCall in turn argues that Florida has no strong public policy against usury and therefore the provision is valid, relying primarily on the Florida Supreme Court's decisions in Morgan Walton Properties, Inc. v. International City Bank & Trust Co., 404 So. 2d 1059, 1062 (Fla. 1981), and Continental Mortgage Investors v. Sailboat Key, Inc., 395 So. 2d 507, 509 (Fla. 1981). In those cases, the court declined to apply the public policy exception to set aside a choice of law provision in a usury context finding that Florida had no strong public policy against usury as long as there is a reasonable relationship between the chosen jurisdiction and the transaction.

Appellate review of a temporary injunction and denial of a motion to dissolve is a hybrid: to the extent the trial court's order is based on factual findings, the appellate court should not reverse unless the trial court abused its discretion; to the extent the order rests on purely legal matters, it is subject to full, de novo review. Colucci v. Kar Kare Auto. Grp., Inc., 918 So. 2d 431, 436 (Fla. 4th DCA 2006). As a matter of law, in order to obtain a temporary injunction the Attorney General must demonstrate that "it has a clear legal right" to the injunction. See Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen., 761 So. 2d 1256, 1260 (Fla. 3d DCA 2000). We conclude that as currently framed, the viability of the Attorney General's action is dependent on its ability to avoid the choice of law provision in the loan agreements. Given the case law in that area, the Attorney General has failed to establish it has a clear legal right to relief, a fact the Attorney General essentially admitted below:

> Hey, that money you're getting from Floridians, let's put it into the Court Registry until we can hear your Motion to Dismiss from all of your hundreds of attorneys and we can talk about hundreds of years' worth of tribal authority. *And*

*you know what, they might win. There's good case law I*
*think as Brian said on both sides. It is an interesting*
*argument.* But I would like to ask the Court to focus on what
we asked for and are we entitled to it.

(Emphasis supplied.) Thus, while we express no opinion on the ultimate ability of the

Attorney General to prevail against CashCall, at the temporary injunction stage it failed

to meet its burden to demonstrate a clear legal right to the injunction. Accordingly, we

reverse and remand for further proceedings.

Reversed and remanded.

VILLANTI, C.J., and NORTHCUTT, J., Concur.